IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LILLIAN CROSS,

    Plaintiff,

v.                                                                                No. 1:19-cv-02664-JDB-jay

STEVEN MNUCHIN, Secretary of the
United States Department of the
Treasury - Bureau of Fiscal Service,
*et al.*,

    Defendants.

---

ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER
AND DEFERRING RULING ON MOTION FOR PRELIMINARY INJUNCTION

---

On October 1, 2019, the Plaintiff, Lillian Cross, filed a verified complaint for temporary restraining order and preliminary injunction. (Docket Entry 1.) A temporary restraining order (TRO) "is an extraordinary remedy designed for the limited purpose of preserving the status quo pending further proceedings on the merits . . ." *Stein v. Thomas*, 672 F. App'x 565, 572 (6th Cir. 2016) (McKeague, J., dissenting). It is "an emergency measure . . . meant to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *Rover Pipeline LLC v. Kanzigg*, Case No. 2:17-cv-105, 2019 WL 1367675, at *2 (S.D. Ohio Mar. 26, 2019) (quoting *Dow Chem. Co. v. Blum*, 469 F. Supp. 892, 901 (E.D. Mich. 1979)) (internal quotation marks omitted). Such injunctive relief will only be granted "if the movant clearly shows that such relief is warranted." *Harcrow v. Harcrow*, Case No. 3:18-cv-00828, 2018 WL 5112532, at *2 (M.D. Tenn. Oct. 19, 2018) (internal quotation marks omitted), *report & recommendation adopted,* 2019 WL 1040874 (M.D. Tenn. Mar. 5, 2019).

Rule 65 of the Federal Rules of Civil Procedure permits the entry of a TRO "without written or oral notice to the adverse party or its attorney only if":

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *Whipple v. Tenn. Bd. of Paroles*, No. 1:17-CV-148-RLJ-SKL, 2018 WL 1387066, at *10 (E.D. Tenn. Mar. 19, 2018) (citation omitted), *aff'd*, 2019 WL 1804845 (6th Cir. Jan. 3, 2019).

Even if Rule 65(b)(1)(A) has been satisfied, subsection (b)(1)(B) has not, as Plaintiff's counsel has provided to the Court no certification concerning her efforts to give notice of her request for ex parte relief to the adverse parties in this case. Accordingly, the motion for a TRO is procedurally defective and is, therefore, DENIED without prejudice to its refiling, if warranted, in compliance with Rule 65(b)(1)(B). *See Harcrow*, 2018 WL 5112532, at *3 (failure to comply with Rule 65(b)(1)(B) provides an independent basis for denying a motion for TRO).

The Plaintiff also seeks a preliminary injunction, which may be issued "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). While summonses have been issued, the docket does not reflect that any of the Defendants have been served or have appeared. "[S]ince service of process has not been accomplished, a preliminary injunction cannot be issued." *Doe v. Tenn.*, Case No. 3:18-cv-0471, 2018 WL 5313087, at *4 (M.D. Tenn. Oct. 26, 2018), *report & recommendation adopted* 2018 WL 6181349 (M.D. Tenn. Nov. 27, 2018). The Court will defer ruling on this request, including setting the matter for a hearing, until after the adverse parties have been served with a copy of the verified complaint. *See* LR 65.1(2) (application for a preliminary

injunction under Fed. R. Civ. P. 65 "will be considered by the Court only upon . . . [c]ompliance with the notice provisions of [Rule 65]").

IT IS SO ORDERED this 3rd day of October 2019.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE